IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00239-WYD-KLM

RAINBOW REWARDS, USA, INC., a Delaware corporation,

Plaintiff(s),

v.

SOURCE, INC., a Delaware corporation,

Defendant(s).
_____

## ORDER DENYING MOTION TO STRIKE
_____

This matter is before the Court on Defendant's Motion to Strike Portions of Rainbow Rewards' Inequitable Conduct Claim that Are Not Plead with Particularity [Docket No. 32; Filed October 15, 2007] (the "Motion"). Plaintiff filed a response to the Motion on November 2, 2007 [Docket No. 37], and Defendant filed a reply on November 19, 2007 [Docket No. 39]. The Motion has now been fully briefed and is ripe for a decision.

IT IS HEREBY **ORDERED** that the motion is **DENIED** for the reasons set forth below.

I. Summary of the Claims

Plaintiff challenges the enforceability of a patent held by Defendant ("the '116 Patent"). Defendant seeks to strike paragraphs 29-40 of Plaintiff's Second Amended Complaint [Docket No 27; Filed September 26, 2007], which assert a claim for "inequitable conduct." Specifically, Plaintiff alleges in its Second Amended Complaint that the '116 Patent is unenforceable because it was obtained through deceit. Plaintiff claims that

Defendant failed to notify the Patent and Trademark Office ("PTO") of "new matter" in the family of subsequent patent applications relating to the '116 Patent. Rather, according to Plaintiff, Defendant styled its later applications as "continuations," which entitled Defendant to the priority date of the initial application. Plaintiff avers that the alleged improper characterization of what should have been "new matter" amounted to a fraud upon the PTO such that there can be no infringement by Plaintiff.

## II. Parties' Arguments

Pursuant to Fed. R. Civ. P. 9(b), allegations of fraud, such as inequitable conduct, must be pled with particularity. Defendant alleges that the inequitable conduct claim fails to provide Defendant with notice of the specific additions or deletions to Defendant's subsequent applications relating to the '116 Patent that constitute alleged "new matter." Defendant notes that, as indicated in the exhibits attached to Plaintiff's Second Amended Complaint, there are more than 150 additions or deletions in Defendant's subsequent filings with the PTO relating to the '116 Patent. Defendant also notes that many of the changes clearly do not constitute "new matter," nor can they support an inequitable conduct charge.

Plaintiff acknowledges that some of the changes merely reflect typographical changes, rather than "new matter," but notes that many of the changes are directly relevant to "new matter" such that its fraud claim is sufficiently pled. Plaintiff also notes that it need only plead information relating to the "who, what, when, where, and why" of its inequitable conduct allegations. *See United States ex rel. Schwartz v. Coastal Healthcare Group, Inc.*, No. 99-3105, 2000 WL 1595976, at *3 (10th Cir. Oct. 26, 2000) (unpublished opinion)

(quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)). By attaching as exhibits documents which identify all changes made by Defendant in the family of patent applications relating to the '116 Patent, Plaintiff contends its Second Amended Complaint satisfies the heightened pleading requirement of Rule 9(b).

III.  Analysis

Defendant seeks to strike paragraphs 29-40 pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).  As Defendant failed to make any substantive argument pursuant to Rule 12(b)(6), Defendant has not met its burden of proof on this issue.

In addition, Defendant's Rule 9(b) argument fails.  The dispute boils down to whether Plaintiff has alleged the claim of inequitable conduct with enough specificity. Plaintiff asserts that Defendant misrepresented numerous changes in patent applications as "continuations" instead of "new matters."  Plaintiff provides four comparisons of the consecutive patent abstracts showing all changes made from one patent application to the next relating to the '116 Patent.  [Plaintiff's Second Amended Complaint at Exhibits 3-6; Docket Nos. 27-4 through -7]. The exhibits identify *every* change made in the subsequent patent applications relating to the '116 Patent. Defendant asserts that Plaintiff is obligated, under Rule 9(b), to point out *in its Second Amended Complaint* exactly which of the changes made constitute "new matter."  I disagree.

First, Defendant's contention that Plaintiff's allegations are not specific enough is belied by its own review of the exhibits to the Second Amended Complaint, which allowed Defendant to easily point out the changes that were merely stylistic or nonsubstantive

3

(e.g., "DRAWINGS" changed to "DRAWING").  Such a review implies that Defendant can easily eliminate certain changes from the list of those that constitute "new matter."

Second, "federal courts have struggled with the level of particularity required to plead inequitable conduct." *Vita-Mix Corp. v. Basic Holdings, Inc.,* No. 1:06 CV 2622, 2007 WL 2816209, at *5 (N.D. Ohio Sept. 27, 2007) (unpublished opinion).  In cases involving failure to disclose prior art, the Courts have held that the complaint must specify "what material and undisclosed prior art was known to the patentee." *Id.*; *see EBS Dealing Res., Inc. v. Intercontinental Exch., Inc.*, 379 F. Supp. 2d 521, 532 (S.D.N.Y. 2005); *MedImmune, Inc. v. Centocor, Inc.*, 271 F. Supp. 2d 762, 772 (D. Md. 2003); *Rhone-Poulenc Agro S.A. v. Monsanto Co.*, 73 F. Supp. 2d 537, 538-39 (M.D.N.C. 1999); *see also Bartronics, Inc. v. Power-One, Inc.*, 245 F.R.D. 532, 536 (S.D. Ala. 2007).  But neither party has cited a case holding that Rule 9(b) requires more than what Plaintiff did here when the allegation of inequitable conduct is based on failure to disclose "new matter."  Given the stated purpose of Rule 9(b), which is to provide sufficient notice of the "particular misconduct which is alleged to constitute fraud charged so that [defendant] can defend against the charge and not just deny that [it has] done anything wrong," Plaintiff has fulfilled its obligation.  *See Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation omitted); *see also Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000), *cert. denied*, 531 U.S. 926 (2000).

"Perhaps the most basic consideration for a federal court in making a judgment as to the sufficiency of a pleading for purposes of Rule 9(b) . . . is the determination of how

4

much detail is necessary to give adequate notice to an adverse party and enable that party to prepare a responsive pleading." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1298, at 236 (3d ed. 2004). In essence, Plaintiff has provided *every* detail available regarding the changes in patent applications relating to the '116 Patent. Defendant appears to request that the Court require Plaintiff to specify those details that Plaintiff asserts in support of its claim, although Defendant acknowledges that certain details can be readily disregarded. Rule 9(b) simply does not require Plaintiff to do more at the pleading stage. Defendant's desire for a list of "which additions or deletions of text . . . constitute new matter" may well be the proper subject of discovery. But for purposes of pleading fraud with particularity pursuant to Rule 9(b), Plaintiff's allegations sufficiently provide notice of the conduct Defendant must defend.

DATED: December 10, 2007

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix