IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00239-WYD-KLM

RAINBOW REWARDS, USA, INC., a Delaware corporation,

    Plaintiff(s),

v.

SOURCE, INC., a Delaware corporation,

    Defendant(s).
_____

**ORDER DENYING MOTION TO STRIKE**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff Rainbow Rewards' Motion to Strike Portions of Source's Answer and Counterclaim [Docket No. 47; Filed January 28, 2008] (the "Motion").

    To give the Court's ruling context, the Court provides the following background. The above-captioned matter involves the enforceability of a patent held by Defendant ("'116 Patent"). Plaintiff's Motion requests that the Court strike three portions of Defendant's Original Answer and Counterclaims [Docket No. 45], including: (1) allegations that the Court lacks personal jurisdiction over Defendant; (2) allegations that the Court lacks subject matter jurisdiction; and (3) a denial of the accuracy of a statement made in paragraph 28 of the Second Amended Complaint regarding the '116 Patent. Thereafter, Defendant filed a First Amended Answer and Counterclaims [Docket No. 52] which removed language that questioned the Court's jurisdiction. In its response to the Motion [Docket No. 53], Defendant informed the Court that while it agreed to remove the language

relating to the Court's jurisdiction, it would not amend its denial about the accuracy of the a statement made in paragraph 28 of the Second Amended Complaint regarding the '116 Patent. Plaintiff filed a reply [Docket No. 54] and noted that (1) Defendant did not move for leave to amend as it was required to do by Fed. R. Civ. P. 15(a)(2); (2) Plaintiff does not oppose such amendment to the extent that it resolves the Motion in relation to two of the three portions of Defendant's responsive pleading that Plaintiff sought to strike; and (3) Plaintiff continues to seek to the have the Court strike Defendant's denial of paragraph 28.

IT IS HEREBY **ORDERED** that the Motion is **DENIED**. Plaintiff is correct that Defendant was required to seek leave to amend its Answer and Counterclaim; however, given Plaintiff's representation that it does not oppose such amendment, the Court accepts the First Amended Answer and Counterclaims [Docket No. 52] for filing as of the date of this Order. As such, to the extent that Plaintiff requests that the Court strike the portions of Defendant's responsive pleading challenging the Court's jurisdiction, the Motion is **denied as moot**.

Moreover, to the extent that Plaintiff requests that the Court strike Defendant's denial of paragraph 28 of Plaintiff's Second Amended Complaint, the Motion is **denied**. The Court recognizes its discretion to strike a party's pleading; however, such an action is disfavored. *Vanderhurst v. Colo. Mountain Coll. Dist.*, 16 F. Supp. 2d 1297, 1303 (D. Colo. 1998). While the Court may strike a pleading if it is "redundant, immaterial, impertinent, . . . scandalous" or prejudicial pursuant to Fed. R. Civ. P. 12(f), Defendant's denial does not fall within these categories. *See United States v. Smuggler-Durant Mining*

*Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993); *Sierra Club v. Tri-State Generation & Transmission Ass'n*, 173 F.R.D. 275, 285 (D. Colo. 1997). In addition, there appears to be a genuine dispute about the date of disclaimer, despite the language of the '116 Patent on its face, and Plaintiff concedes that the issue will need further briefing. Motion at 7. While Plaintiff argues that "it is entirely inappropriate to deny the patently obvious accuracy of a short sentence," *id.*, such a statement does not provide adequate grounds to strike Defendant's denial pursuant to Rule 12(f).

IT IS FURTHER **ORDERED** that Plaintiff shall file its Answer to Defendant's First Amended Answer and Counterclaims on or before **March 18, 2008**.

Dated: February 28, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix